IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:17CR21-HEH |
| ) | |
| ERIC WYCHE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
### (Overruling Defendant's Objection to Calculation of U.S. Sentencing Guidelines)

On April 24, 2017, the Defendant, Eric Wyche ("Wyche"), entered a plea of guilty to possession of a firearm by a convicted felon, pursuant to a written plea agreement. Sentencing was deferred pending the completion of a Presentence Investigation Report ("PSR"). In preparing the PSR, the United States probation officer calculated Wyche's sentencing guidelines. She determined that Wyche had a Total Offense Level of 25, fourteen criminal history points putting him in Category VI, and a resulting guideline range of 110–120 months. In computing Wyche's total offense level, the probation officer applied two enhancements to his base offense level of 22. The officer applied a two-level adjustment for obstruction of justice under United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1 and a four-level adjustment based on the firearms use in the commission of another felony under § 2K2.1(b)(6)(B).

Presently at issue is the probation officer's determination that Wyche's base offense level is 22. According to the PSR, the probation officer's calculation is derived from U.S.S.G. § 2K2.1(a)(3). This section reads in pertinent part:

[The applicable] Base Offense Level [is] 22, if (A) the offense involved a

(i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

U.S.S.G. § 2K2.1(a)(3).

Specifically, Wyche's objection focuses on whether his robbery conviction in 2009 in the Circuit Court of the City of Richmond is a crime of violence as that term is employed in U.S.S.G. § 2K2.1(a)(3). Resolution of this issue is guided by the application notes to § 2K2.1, specifically the definition of "crime of violence." The application note indicates that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 cmt. n.1.

Turning to U.S.S.G. § 4B1.2, it provides the following definition of a "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a)(1–2).

Wyche argues that his 2009 robbery conviction meets neither of the definitional criteria for a crime of violence under U.S.S.G. § 4B1.2. His challenge has two facets. First, that the common law definition of robbery historically employed in Virginia requires a lesser level of force than envisioned under § 4B1.2(a)(1), and second, that the Virginia common law definition of robbery is broader than the contemporary generic

2

definition, which must be relied upon in applying § 4B1.2(a)(2). Because robbery is an enumerated offense under § 4B1.2(a)(2) and common law robbery in Virginia is consistent with the contemporary generic definition of that offense, the Court need not venture into § 4B1.2(a)(1).[1]

Wyche argues that even though robbery is included as an enumerated offense under the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(2), it must still meet the similarity-of-elements standard using the categorical approach articulated in *Taylor v. United States*, 495 U.S. 575, 598–602 (1990). In *Taylor*, the Supreme Court found that with regard to prior crimes enumerated in a sentencing enhancement statute, Congress intended to refer to the "generic, contemporary meaning" of the crime. *Id.* at 598. Such meaning, the Court explained, can be derived from "the generic sense in which the term is now used in the criminal codes of most States." *Id.*

Courts must compare the state statute under which the defendant was previously convicted to the enumerated crime's "generic" definition. *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015). "If the defendant was previously convicted in a State where the generic definition has been adopted or where the state statute is narrower than the generic view then there is no problem because in both cases the conviction necessarily implies that the defendant has been found guilty of all the elements of [the] generic [crime]." *Id.* (quotation marks omitted; alterations in original). "However, if the state statute 'criminalizes[s] a broader scope of conduct than the

---

[1] Counseling his colleagues to adopt "a more realistic application of the categorical approach," Judge Wilkinson has noted that "[t]he Supreme Court has sensibly cautioned judges to use common sense in applying the categorical approach and not to indulge in imaginative flights." *United States v. Doctor*, 842 F.3d 306, 312, 313 (4th Cir. 2016) (Wilkinson, J., concurring).

3

Guideline crime [then it] is not categorically a crime of violence." *Id.* (quoting *United States v. Perez-Perez*, 737 F.3d 950, 953 (4th Cir. 2013)) (alterations in original).

In Virginia, the punishment for robbery is fixed by statute, Va. Code § 18.2-58, but the offense is not statutorily defined, and Virginia courts must look to the common law for its definition. "Robbery at common law is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *George v. Commonwealth*, 242 Va. 264, 277 (1991) (internal quotation marks and citations omitted); *see also Commonwealth v. Anderson*, 278 Va. 419, 424 (2009).

A close review of Virginia jurisprudence interpreting and applying the common law definition of robbery demonstrates that the core element is the taking of property from a person against their will. To sustain a robbery conviction, force or intimidation must be directed at the person of the victim. *Spencer v. Commonwealth*, 592 S.E.2d 400, 403 (Va. Ct. App. 2004). The victim must actually be put in fear by the willful conduct or words of the accused. *Harris v. Commonwealth*, 351 S.E.2d 356, 357 (Va. Ct. App. 1986). The United States maintains that the time-honored common law definition of robbery in Virginia comports with the so-called generic definition.

The Court agrees. After reviewing the statutory provisions defining robbery in each of the fifty States, the District of Columbia, and the Model Penal Code, the Court concludes that every jurisdiction in this country defines robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or fear. (*See* App. A; *see also, e.g., United States v. Walker*, 595 F.3d 441, 446 (2d

4

Cir. 2010); *United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011).) Citing the Fourth Circuit's recent decision in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), Defendant argues that because the Supreme Court of Virginia has found that "the commission of common law robbery by violence requires only a 'slight' degree of violence," *id.* at 684 (quoting *Maxwell v. Commonwealth*, 165 Va. 860, 864 (1936)), Virginia's definition of robbery criminalizes a broader scope of conduct than the generic definition.

However, the Court finds that Virginia's definition of robbery directly mirrors the contemporary generic one in that it criminalizes larceny where the defendant takes property from another against their will—whether by force or fear. This minimal requirement—independent of the level of force required—is uniformly present, without exception, in every jurisdiction throughout the country. Therefore, the Court finds that common law robbery in Virginia comports to "a mainstream [definition] . . . [and is] not an outlier," rendering it well within the contemporary generic conception of the crime. *Flores-Granados*, 783 F.3d at 498.

Consequently, the Court concludes that Virginia common law robbery qualifies as an enumerated offense under § 4B1.2(a)(2) and will overrule Defendant's Objection to the PSR. (ECF No. 25.)

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 21, 2017
Richmond, Virginia

# APPENDIX A

## Alabama

Ala. Code § 13A-8-43(a): A person commits the crime of robbery . . . if in the course of committing a theft he—

(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

## Alaska

Alaska Stat. § 11.41.510(a): A person commits the crime of robbery . . . if, in the course of taking or attempting to take property from the immediate presence and control of another, the person uses or threatens the immediate use of force upon any person with intent to

(1) Prevent or overcome resistance to the taking of the property or the retention of the property after taking; or
(2) Compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

## Arizona

Ariz. Rev. Stat. § 13-1902(A): A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

1

## Arkansas

Ark. Code Ann. § 5-12-102(a): A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person.

## California

Cal. Penal Code § 211: Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

## Colorado

Colo. Rev. Stat. § 18-4-301(1): A person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery.

## Connecticut

Conn. Gen. Stat. § 53a-133: A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of—

(1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
(2) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

## Delaware

Del. Code Ann. tit. 11, § 831(a): A person is guilty of robbery . . . when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:

2

(1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or

(2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

**District of Columbia**

D.C. Code Ann. § 22-2801: Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery.

**Florida**

Fla. Stat. Ann. § 812.13(1): "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

**Georgia**

Ga. Code Ann. § 16-8-40(a): A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another—

(1) By use of force;

(2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or

(3) By sudden snatching.

**Hawaii**

Haw. Rev. Stat. § 708-841(1): A person commits the offense of robbery . . . if, in the course of committing theft or non-consensual taking of a motor vehicle—

(a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;

3

    (b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property; or
    (c) The person recklessly inflicts seriously bodily injury upon another.

## Idaho

<u>Idaho Code § 18-6501</u>: Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

## Illinois

<u>720 Ill. Comp. Stat. Ann. 5/18-1(a)</u>: A person commits robbery when he or she knowingly takes property . . . from the person or presence of another by the use of force or by threatening the imminent use of force.

## Indiana

<u>Ind. Code. § 35-42-5-1(a)</u>: A person who knowingly or intentionally takes property from another person or from the presence of another person—

    (1) By using or threatening the use of force on any person; or
    (2) By putting any person in fear;

commits robbery.

## Iowa

<u>Iowa Code Ann. § 711.1(1)</u>: A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property—

    (a) Commits an assault upon another.
    (b) Threatens another with or purposely puts another in fear of immediate serious injury.

4

  (c) Threatens to commit immediately any forcible felony.

## Kansas

Kan. Stat. Ann. § 21-5420(a): Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person.

## Kentucky

Ky. Rev. Stat. Ann. § 515.030(1): A person is guilty of robbery . . . when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft.

## Louisiana

La. Rev. Stat. Ann. § 14:65(A): Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.

## Maine

Me. Stat. 17-A, § 651(1): A person is guilty of robbery if the person commits or attempts to commit theft and at the time of the person's actions—

  A. The actor recklessly inflicts bodily injury on another.
  B. The actor threatens to use force against any person present with the intent:
     (1) To prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or
     (2) To compel the person in control of the property to give it up or to engage in other conduct that aids in the taking or carrying away of the property
  C. The actor uses physical force on another with the intent specified in paragraph b.
  D. The actor intentionally inflicts or attempts to inflict bodily injury on another.

## Maryland

Md. Code Ann., Criminal Law § 3-402: (Fixes the penalty for the common law crime of robbery.)

5

"[T]he 'judicially determined meaning' of robbery . . . [is] the felonious taking and carrying away of the personal property of another from his person or in his presence, by violence, or by putting him in fear." *Coles v. State*, 374 Md. 114, 123 (2002) (internal citations and quotation marks omitted).

## Massachusetts

Mass. Gen. Laws ch. 265, § 19(a): "Whoever . . . by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny" has committed robbery.

## Michigan

Mich. Comp. Laws § 750.530(a): "A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts in fear, is guilty of" robbery.

## Minnesota

Minn. Stat. § 609.24: Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or ot compel acquiescence in, the taking or carrying away of the property is guilty of robbery.

## Mississippi

Miss. Code Ann. § 97-3-73: Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.

## Missouri

Mo. Rev. Stat. § 570.025(1): A person commits the offense of robbery . . . if he or she forcibly steals property and in the course thereof causes physical injury to another person.

6

Mo. Rev. Stat. § 570.010(13): A person forcibly steals something if he "uses or threatens the immediate use of physical force upon another person for the purpose of"—

    (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

    (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

## Montana

Mont. Code Ann. § 45-5-401(1): A person commits the offense of robbery if in the course of committing a theft, the person—

    (a) Inflicts bodily injury upon another;

    (b) Threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury; or

    (c) Commits or threatens immediately to commit any felony other than theft.

## Nebraska

Neb. Rev. Stat. § 28-324(1): A person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever.

## Nevada

Nev. Rev. Stat. § 200.380(1): Robbery is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery. A taking is by means of force or fear if force or fear is used to—

    (a) Obtain or retain possession of the property;

    (b) Prevent or overcome resistance to the taking; or

    (c) Facilitate escape

The degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property. A taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

### New Hampshire

N.H. Rev. Stat. Ann. § 636:1(I): A person commits the offense of robbery if, in the course of committing a theft, he—

- (a) Uses physical force on the person of another and such person is aware of such force; or
- (b) Threatens another with or purposely puts him in fear of immediate use of physical force.

### New Jersey

N.J. Stat. Ann. § 2C:15-1(a): A person is guilty of robbery if, in the course of committing a theft, he—

- (1) Inflicts bodily injury or uses force upon another; or
- (2) Threatens another with or purposely puts him in fear of immediate bodily injury; or
- (3) Commits or threatens immediately to commit any crime of the first or second degree.

### New Mexico

N.M. Stat. Ann. § 30-16-2: Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

### New York

N.Y. Penal Law § 160.00: Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

**North Carolina**

N.C. Gen. Stat. § 14-87.1: (Fixes the penalty for the common law crime of robbery.)

"For the crime of common law robbery, the State must prove the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *In re T.H.*, 218 N.C. App. 123, 133 (2012) (citation and quotation marks omitted).

**North Dakota**

N.D. Cent. Code § 12.1-22-01(1): A person is guilty of robbery if, in the course of committing a theft, he inflicts or attempts to inflict bodily injury upon another or threatens or menaces another with imminent bodily injury.

**Ohio**

Ohio Rev. Code Ann. § 2911.02(A): No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;
(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
(3) Use or threaten the immediate use of force against another.

**Oklahoma**

Okla. Stat. tit. 21, § 791: Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will accomplished by means of force or fear.

9

**Oregon**

Or. Rev. Stat. § 164.395(1): A person commits the crime of robbery . . . if in the course of committing or attempting to commit theft or unauthorized use of a vehicle . . . the person uses or threatens the immediate use of physical force upon another person with the intent of—

    (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
    (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

**Pennsylvania**

18 Pa. Cons. Stat. § 3701(a): A person is guilty of robbery if, in the course of committing a theft, he—

    (i)    Inflicts serious bodily injury upon another;
    (ii)   Threatens another with or intentionally puts him in fear of immediate serious bodily injury;
    (iii)  Commits or threatens immediately to commit any felony of the first or second degree;
    (iv)  Inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;
    (v)   Physically takes or removes property from the person of another by force however slight; or
    (vi)  Takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

**Rhode Island**

R.I. Gen. Laws § 11-39-1: (Fixes the penalty for the common law crime of robbery.)

"The statute . . . does not define robbery. This Court has long held that the statute incorporates the common-law definition of robbery. Under common law, robbery consists of the felonious and forcible taking form the person of another of goods or money to any value by violence or putting him in fear. A required element of robbery is that the taking be accomplished by force, violence, or intimidation." *State v. Robertson*, 740 A.2d 330, 333 (R.I. 1999) (internal citations and quotation marks omitted).

**South Carolina**

S.C. Code Ann. § 16-11-325: (Fixes the penalty for the common law crime of robbery.)

"Robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Al-Amin*, 353 S.C. 405, 424 (2003).

**South Dakota**

S.D. Codified Laws § 22-30-1: Robbery is the intentional taking of personal property, regardless of value, in the possession of another from the other's person ro immediate presence, and against the other's will, accomplished by means of force or fear of force, unless the property is taken pursuant to law or process of law.

**Tennessee**

Tenn. Code Ann. § 39-13-401(a): Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear.

**Texas**

Tex. Penal Code Ann. § 29.02(a): A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he—

    (1) Intentionally, knowingly, or recklessly causes bodily injury to another; or
    (2) Intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

11

## Utah

Utah Code Ann. § 76-6-301(1): A person commits robbery if—

(a) The person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear, and with a purpose or intent to deprive the person permanently or temporarily of the personal property; or
(b) The person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft or wrongful appropriation.

## Vermont

Vt. Stat. Ann. tit. 13, § 608: (Fixes the penalty for the common law crime of "assault and robbery".)

"[T]he State's burden [is] to prove that defendant intentionally put the victim in fear of imminent, serious bodily injury and intentionally deprived him of money, intending to do so permanently." *State v. Powell*, 158 Vt. 280, 281 (1992).

## Virginia

Va. Code Ann. § 18.2-58: (Fixes the penalty for the common law crime of robbery.)

"Robbery is a common law crime in Virginia. It is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Ali v. Commonwealth*, 280 Va. 665, 668 (2010) (citation and internal quotation marks omitted).

## Washington

Wash. Rev. Code Ann. § 9A.56.190: A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is

immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

### West Virginia

W.Va. Code Ann. § 61-2-12: (Fixes the penalty for the common law crime of robbery.)

"At common law, robbery was defined as [t]he felonious taking of money or goods from the person of another or in his presence, against his will, by force or putting him in fear." *State ex rel. Vandal v. Adams*, 145 W. Va. 566, 569 (1960) (internal quotation marks omitted).

### Wisconsin

Wis. Stat. § 943.32(1): Whoever, with intent to steal, takes proper from the person or presence of the owner by either of the following means is guilty of [robbery]—

- (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or
- (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

### Wyoming

Wyo. Stat. Ann. § 6-2-401(a): A person is guilty of robbery if in the course of committing [larceny] he—

- (i) Inflicts bodily injury upon another; or
- (ii) Threatens another with or intentionally puts him in fear of immediate bodily injury.

13

## Model Penal Code

<u>Model Penal Code § 222.1(1)</u>: A person is guilty of robbery if, in the course of committing a theft, he—

    (a) Inflicts serious bodily injury upon another; or
    (b) Threatens another with or purposely puts him in fear of immediate serious bodily injury; or
    (c) Commits or threatens immediately to commit any felony of the first or second degree.