IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 3:17CR21–HEH |
| | ) |
| ERIC WYCHE, | ) |
| | ) |
| Petitioner. | ) |

**MEMORANDUM OPINION**
**(Denying Motion to Vacate under § 2255; Directing Government to File a Response; Disposing of Pending Motions)**

Eric Wyche, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 45). Wyche demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Trial counsel was ineffective because she "failed to raise various objections to the Presentence Report." (*Id.* at 4.) |
| Claim Two | Trial counsel was ineffective because she "failed to move to suppress evidence and the Indictment on the basis that such evidence was obtained in violation of the Fourth Amendment."[2] (Pet.'s Mem. Supp. 3, ECF No. 46.) |
| Claim Three | Trial counsel was "ineffective during the plea process." (*Id.* at 4.) |

---

[1] The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

  Claim Four    Appellate counsel was ineffective for failing to raise Claims One and Two on appeal. (*Id.* at 5.)

The Government filed a response (ECF No. 48). Wyche did not file a substantive reply. Instead, he filed a Motion to Amend ("First Motion to Amend," ECF No. 50). However, Wyche failed to include an amended § 2255 motion or even state what specific amendments he hoped to make. (*See id.*) More recently, Wyche filed a document that the Court construes to be a Motion to Expedite (ECF No. 51). Wyche also recently filed a second Motion to Amend ("Second Motion to Amend"), in which he requests a "sentence reduction" based on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 52, at 2.) Here again, Wyche failed to submit an amended § 2255 motion. (*See id.*) However, construed liberally, the Court nevertheless understands Wyche's latest submission to state a potential claim for relief. Finally, Wyche filed a "Petition to Supplement to the Record in Light of United States v. Gary and Rehaif v. United States" ("Petition to Supplement the Record," ECF No. 54).[3]

For the reasons stated herein, Wyche's § 2255 Motion will be denied. Claims One through Four will be dismissed because Wyche has failed to demonstrate that he received ineffective assistance of counsel. Wyche's First Motion to Amend will be denied. Wyche's Motion to Expedite will be denied as moot. The Court will take Wyche's Second Motion to Amend under advisement and will direct the Government to respond to

---

[3] Wyche's Petition to Supplement the Record is vague and fails to specify exactly what he would like the record to be expanded to include. To the extent Wyche merely desires to draw the Court's attention to recent developments in case law, the Court is nevertheless aware of the cases cited by Wyche and will consider them accordingly.

2

this motion within thirty (30) days, and his Petition to Supplement the Record will be denied.

## I. Factual and Procedural History

On February 21, 2017, Wyche was indicted for two counts of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g)(1). (ECF No. 1.) On April 24, 2017, Wyche entered into a written Plea Agreement ("Plea," ECF No. 15) and Statement of Facts ("SOF," ECF No. 16) with the Government. That same day, Wyche appeared before a United States Magistrate Judge for a plea hearing. (Plea Tr. 1–3, ECF No. 39.) Wyche testified under oath and pled guilty to Count 2 of the Indictment. (*Id.* at 4, 10, 32.) In exchange for his plea, the Government agreed to dismiss Count 1 of the Indictment. (*Id.* at 10, 28; *see also* Plea, at 5; Sent'g Tr. 28, ECF No. 40.)[4]

The Magistrate Judge found that Wyche's plea was knowing and voluntary and that it was supported by an independent basis in fact. (Plea Tr., at 32.) Wyche's guilty plea was accepted, and the matter was set for sentencing. (*Id.* at 32–33.)

Following Wyche's plea hearing, the probation officer generated a Presentence Investigation Report ("PSR," ECF No. 23). Wyche received a three-level reduction for acceptance of responsibility. (*Id.* ¶¶ 4, 19, 28–29.) This led to Wyche receiving a Total Offense Level of 25, a Criminal History Category of VI, and an advisory guidelines range of 110 to 120 months of imprisonment. (*Id.* ¶¶ 76–77.)

---

[4] Counsel represented to the Court that local officials in Richmond, Virginia had also agreed not to prosecute Wyche "for the conduct contained in Count 1 of this indictment, which involve[d] a shooting in the City of Richmond." (Plea Tr., at 24.)

3

Defense counsel filed an objection to the PSR, arguing that Wyche's "Virginia conviction for robbery is not a crime of violence under U.S.S.G. § 2K2.1." (Def.'s Obj. PSR 1, ECF No. 25.) Counsel argued that Wyche's base offense level should be reduced by two levels. (*Id.* at 1, 7.) The Government filed a response in opposition (ECF No. 26).

On July 21, 2017, Wyche appeared before the Court for sentencing. The Court heard arguments on Wyche's objection to the PSR, which the Court overruled. (Sent'g Tr., at 11.) The Court then heard arguments on Wyche's Motion for a Variance, which the Court denied. (*Id.* at 22.)

Before pronouncing the sentence, the Court gave Wyche an opportunity to speak. (*Id.* at 22–24.) Wyche apologized for his conduct to his family, to the person he shot at and their family, to the prosecuting attorney, to the Court, and to his own attorney. (*Id.*) Wyche then thanked his attorney "for working hard for [him]." (*Id.* at 24.) Wyche said that "deep down," he was a "good father," and a "good person," despite the fact that he had made "wrong decisions." (*Id.* at 23.)

After hearing Wyche's statements, the Court made the following statement:

> . . . Mr. Wyche, when I decide what's appropriate in a case, I obviously place a great deal of weight on your representations to me. But the most accurate . . . indication of you as a person comes from your prior record. And your prior record is one of assaultive behavior, prior firearms convictions, misbehavior while confined, attempting to escape from a police officer, assaulting the officer, and firing 14 shots in your neighborhood. . . . [Y]ou certainly come from a neighborhood where there is a great deal of stress, but unfortunately, you're a contributor to that. So the picture I have of you is one that does not warrant a downward variance in this case.
> . . . I've reviewed the U.S. Sentencing Guidelines as advisory only, and I've considered all the factors set for[th] in 18, United States Code,

4

> Section 3553(a). And as I mentioned, important is your long criminal history of violent and disruptive behavior, and the fact that you resisted arrest and fired 14 shots here with a large capacity weapon.
> So I find that a sentence that is adequate, but no longer than necessary to serve those factors, provide for deterrence, and promote respect for the law would be commitment to the U.S. Bureau of Prisons for a term of 120 months on Count 2.

(*Id.* at 24–25.)

Wyche filed a Notice of Appeal (ECF No. 34). However, Wyche subsequently consented, in writing, to the voluntary withdrawal of his appeal (ECF No. 48-1, at 5), and the United States Court of Appeals for the Fourth Circuit dismissed the matter. (ECF Nos. 42–43.)

## II. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified the second prong of *Strickland* to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In the absence of extraordinary circumstances, the truth of the sworn statements made during a Rule 11 plea hearing is "conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

### A. Claim One

In Claim One, Wyche posits that trial counsel was ineffective because she "failed to raise various objections to the [PSR's] calculation of the U.S. Sentencing Guidelines." (Pet.'s Mem. Supp., at 1.) Wyche contends generally that the probation officer should not have included adjustments to the guidelines for obstruction of justice and the use of a firearm in the commission of another felony. (*Id.* at 2.) Wyche further alleges that his attorney was ineffective for not noticing the probation officer's errors and objecting to them. (*Id.*) However, Wyche has offered no support for his claim that the probation officer's inclusion of these adjustments was in error, except for a passing reference to the "Ex Post Facto Clause" of the Constitution in a footnote.[5] (*Id.* at 3, n.3.)

---

[5] "No . . . ex post facto Law shall be passed." U.S. CONST. art. I, § 9, cl. 3.

6

Setting aside for a moment the fact that it appears that substantial evidence existed to establish that Wyche utilized the firearm in question in another felony offense (*i.e.*, a shooting incident in the City of Richmond), and obstructed justice (*i.e.*, kicking a police officer, attempting to escape by running through a hospital emergency room, soliciting a girlfriend to lie on his behalf, *etc.*),[6] these vague assertions are inadequate to show first that that the probation officer miscalculated the guidelines, or second that counsel was deficient with respect to the objections she raised to the PSR. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Thus, Wyche has failed to show that counsel erred by not raising these issues before the Court, much less that he suffered any prejudice as a result. Accordingly, Claim One will be dismissed.

### B. Claim Two

In Claim Two, Wyche alleges that trial counsel was ineffective because she "failed to move to suppress evidence and the indictment on the basis that such evidence was obtained in violation of the Fourth Amendment." (Pet.'s Mem. Supp., at 3.) Specifically, Wyche claims that officers were given permission by a third party to enter that person's home in search of Wyche, who was a wanted party. (*Id.*) Without providing additional details, Wyche claims that the officers exceeded the scope of the consent when they looked "into a closet in close proximity to Wyche" where a gun was found. (*Id.*)

---

[6] *See supra* Part I, at 4; *see also* Sent'g Tr., at 13–16.

7

Due to the "substantial social costs" associated with the "[s]uppression of evidence," the Supreme Court has cautioned that application of the exclusionary rule is a "last resort, not [a] first impulse." *Hudson v. Michigan*, 547 U.S. 586, 591 (2006). Any party advocating for the suppression of evidence faces a "high obstacle." *Id.* (citation omitted).

In this instance, Wyche's Fourth Amendment argument fails for a number of reasons. First, Wyche's own statements make clear that no search warrant was required because the officers obtained consent to search prior to entering the home. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Second, officers executing an arrest warrant are entitled to search the arrestee and conduct a protective sweep of the area under his immediate control, even when the arrest takes place in a home. *Chimel v. California*, 395 U.S. 752, 763, 768 (1969). Officers do not need probable cause or reasonable suspicion to "look in closets and other spaces immediately adjoining the place of arrest." *Maryland v. Buie*, 494 U.S. 325, 334 (1990). Given Wyche's own statement that the firearm in question was found in "a closet in close proximity to Wyche," he has failed to demonstrate that a Fourth Amendment violation occurred. Moreover, Wyche has not alleged sufficient facts to establish that he would even have standing to contest the search, as it appeared that these events transpired in someone else's home. *See Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (citations omitted) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

Given the tenuous nature of Wyche's Fourth Amendment claims, and his apparent inability to overcome the "high obstacle" before him, Wyche has failed to establish that

8

counsel was deficient for failing to raise this issue to the Court. *See Hudson*, 547 U.S. at 591. Similarly, Wyche has failed to establish that counsel was ineffective because she did not attempt to have the indictment dismissed on this basis. Such a request would have been frivolous and would have been summarily denied.

Finally, the record makes clear that Wyche and his attorney discussed these issues before he entered his guilty plea:

| | |
|---|---|
| The Court: | ... [A]re you satisfied with all the work that [counsel] has done for you? |
| Mr. Wyche: | Yes, sir. |
| The Court: | Did you ask her to perform any tasks that she did not perform? |
| Mr. Wyche: | No. |
| The Court: | Is there any motions that you wanted her to file that she did not file? |
| Mr. Wyche: | No. |
| The Court: | A motion would be legal argument about your case. Did she do everything you wanted her to do? |
| Mr. Wyche: | Yeah. S[h]e has explained it to me .... |
| The Court: | Okay |
| [Counsel]: | ... [T]here were discussions, Your Honor, about a potential motion to suppress. And so Mr. Wyche and I were able to discuss whether or not there was one available to us in this case. |
| The Court: | Okay. Did you have any other questions about the law or your case that were not answered? |
| Mr. Wyche: | No. |
| The Court: | Okay. All right. So you feel comfortable making your decision [to plead guilty] here today then? |
| Mr. Wyche: | Yes, sir. |
| The Court: | Okay. Do you understand that – – that regardless of her advice and her experience, at the end of the day the decision to plead guilty is yours, and yours alon[e], because you're the one that faces the consequences of this guilty plea, do you understand that? |
| Mr. Wyche: | Yes, sir. |

(Plea Tr., at 17–19.) Thus, Wyche cannot fairly claim that he made the decision to plead guilty without first being apprised of his rights and the options that were available to him. *See United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) (In the absence of extraordinary circumstances, the truth of the sworn statements made during a plea hearing is "conclusively established.").

On these facts, Wyche has failed to show that trial counsel was deficient or that he was prejudiced in any way. Accordingly, Claim Two will be dismissed.

### C. Claim Three

In Claim Three, Wyche alleges that counsel "was ineffective during the plea process." (Pet.'s Mem. Supp., at 4.) In support of his position, Wyche says:

> Wyche maintains trial counsel was ineffective where she erroneously advised him of his sentencing exposure under a plea of guilty, which caused him to enter a plea and forgo trial. Further, Wyche maintains that he would not [have] pleaded guilty but for trial counsel's erroneous advice.

(*Id.* (citations and footnote omitted).) In an accompanying footnote, Wyche said that he would "set forth factual details substantiating this claim, including several affidavits in support," when he filed his "amended 2255 motion." (*Id.* n.4.) However, when Wyche filed his First Motion to Amend, he neglected to include any such details or affidavits. (*See* ECF No. 50.) Consequently, the brief excerpt listed above represents the entirety of Wyche's position on this point.

Here again, Wyche's vague and conclusory assertions are inadequate to show that counsel was deficient "during the plea process." *See Sanders*, 373 U.S. at 19. Moreover, the Court correctly advised Wyche as to his sentencing exposure

10

during his plea colloquy. Therefore, Wyche cannot demonstrate prejudice. *U.S. v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). Because Wyche has failed to show that counsel was deficient, or that he suffered any prejudice as a result, Claim Three will be dismissed.[7]

### D. Claim Four

In Claim Four, Wyche argues that appellate counsel was ineffective for failing to raise Claims One and Two on appeal. (§ 2255 Motion, at 5.) However, Wyche fails to cite to any new facts or authorities to support his position beyond what he cited with respect to Claims One and Two above. Because Wyche failed to establish that trial counsel was deficient in both Claims One and Two, as discussed above, and because he failed to show that he suffered any prejudice as a result of trial counsel's conduct, it stands to reason that, in the absence of any new or additional facts or arguments, Wyche has likewise failed to show that appellate counsel was deficient for failing to raise these two claims on appeal.

Moreover, "it is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the

---

[7] Even if Wyche had shown that counsel was deficient, which he has not shown, his argument would nevertheless still fail because he has offered no objective evidence to "show that there [wa]s a reasonable probability that, but for counsel's [putative] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Had Wyche insisted on trial, he would have faced twice as much time in federal court than he faced as a result of his plea agreement, plus whatever state time he could have faced on potential charges arising out of the related shooting incident that took place in the City of Richmond. *See* n.4, *supra*. Through the work of his counsel, Wyche received a fraction of the sentence he may have received had he proceeded to trial. Consequently, Wyche has failed to demonstrate that he suffered any prejudice in this instance.

record conclusively shows ineffective assistance.'" *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (quoting *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992)). As discussed above, the record does not *conclusively* show that trial counsel was ineffective. As such, it stands to reason that appellate counsel may not be faulted for failing to raise those issues on direct appeal. Accordingly, Claim Four fails.

Because Wyche has failed to demonstrate that appellate counsel was deficient or that he suffered any prejudice, Claim Four will be dismissed.

### III. Motions to Amend

The Fourth Circuit has given lower courts the following guidance for addressing motions to amend § 2255 motions:

> Rule 12 of the Rules Governing Section 2255 Proceedings states, "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate." The Rules Governing Section 2255 do not specify a procedure for amending motions. Therefore courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. *See Rogers v. United States*, 180 F.3d 349, 352 n.3 (1st Cir. 1999); *see also United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866, 120 S. Ct. 163, 145 L.Ed.2d 138 (1999).

*United States v. Pittman*, 209 F.3d 314, 316–17 (4th Cir. 2000)

In applying Rule 15, this Court has routinely held that litigants may not spackle new allegations or defendants onto the original complaint or motion. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981). When a plaintiff seeks leave to amend a pleading, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Here, Wyche failed to

attach a copy of his proposed amended § 2255 motion to his First Motion to Amend. As such, Wyche's First Motion to Amend will be denied.[8]

Wyche's Second Motion to Amend, however, as liberally construed, occupies a somewhat different position. Wyche cites to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), a recent decision from the United States Supreme Court, which Wyche maintains may entitle him to some relief. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Despite that Wyche did not attach a copy of a proposed amended § 2255 motion, because this Court is not bound to apply any specific procedure for addressing § 2255 motion amendments, and because the Court believes that the interests of justice require it to consider Wyche's newest claim, the Court will take Wyche's Second Motion to Amend under advisement. The Government will be directed to respond to the Second Motion to Amend within thirty (30) days.

### IV. Conclusion

Claims One through Four will be dismissed with prejudice and the § 2255 Motion (ECF No. 45) will be denied. Wyche's First Motion to Amend (ECF No. 50) will be denied. Wyche's Motion to Expedite (ECF No. 51) will be denied as moot. Wyche's Petition to Supplement the Record (ECF No. 54) will be denied and dismissed without

---

[8] Additionally, the Court notes that Claims One through Four are clearly meritless and additional amendment of those specific claims at this juncture would be futile in any event.

13

prejudice. The Court will take Wyche's Second Motion to Amend (ECF No. 52) under advisement. The Government will be directed to respond to the Second Motion to Amend within thirty (30) days. Wyche will then have thirty (30) days to file a reply.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 29, 2021
Richmond, Virginia