## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**UNITED STATES OF AMERICA**

**v.**                                                          **Criminal No. 3:17cr21**

**ERIC WYCHE,**

    **Petitioner.**

### MEMORANDUM OPINION

Eric Wyche, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion (the "§ 2255 Motion"). (ECF No. 45). Mr. Wyche filed multiple motions to amend, including one in which he requested a "sentence reduction" based on the Supreme Court's recent decision in *Rehaif v. United States*, 588 U.S. 225 (2019) (the "Second Motion to Amend"). (ECF No. 52, at 2.) By Memorandum Opinion and Order entered on March 29, 2021, the Court dismissed Mr. Wyche's original claims for relief, denied his First Motion to Amend, denied the § 2255 Motion, and ordered the United States to respond to Mr. Wyche's Second Motion to Amend. (ECF Nos. 55, 56.)

The United States has responded to Mr. Wyche's Second Motion to Amend and moved to expand the record. (ECF No. 58.) "The district court may expand the record to include letters, documents, and affidavits." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States*, 423 F.2d 529, 529–30 (4th Cir. 1970)). The Court has "wide discretion" in this regard. *Id.* (citation omitted). For good cause shown, the Motion to Expand the Record, (ECF No. 58), will be granted and the documents from Mr. Wyche's state probation proceedings will be made part of the record.

On June 1, 2021, Mr. Wyche requested that the Court delay ruling on this matter because he was having difficulty obtaining documents because of Covid-19 pandemic.  (ECF No. 60-1.) Given that the pandemic has passed and the significant amount of time that has elapsed, Mr. Wyche's Motion to Continue, (ECF No. 60), will be denied.

For the reasons set forth below, the Second Motion to Amend, (ECF No. 52), will be denied as futile.

## I.  Pertinent Factual and Procedural History

On February 21, 2017, Mr. Wyche was indicted for two counts of possession of a firearm by a convicted felon in violation 18 U.S.C. 922(g)(1).  (ECF No. 1.)  Count One charged Mr. Wyche with possession of a firearm by a convicted felon on November 28, 2015.  (ECF No. 1, at 1.)  Count Two charged Mr. Wyche with possession of a firearm on November 30, 2015.  (ECF No. 1, at 1–2.)  On April 24, 2017, Mr. Wyche entered into a written Plea Agreement, (ECF No. 15), and Statement of Facts, (ECF No. 16), with the United States with respect to Count Two. That same day, Mr. Wyche appeared before a United States Magistrate Judge for a plea hearing. (ECF No. 39, at 1–3.)  Mr. Wyche testified under oath and pled guilty to Count 2 of the Indictment.  (ECF No. 39, at 4, 10, 32.)  In exchange for his plea, the United States agreed to dismiss Count 1 of the Indictment.  (ECF No. 39, at 10, 28; *see also* ECF No. 15, at 5; ECF No. 40, at 28.)

The Magistrate Judge found that Mr. Wyche's plea was knowing and voluntary and that it was supported by an independent basis in fact.  (ECF No. 39, at 32.)  The Magistrate Judge accepted Mr. Wyche's guilty plea, and the matter was set for sentencing.  (ECF No. 39, at 32– 33.)

The Court sentenced Mr. Wyche to 120 months of imprisonment on Count Two.  (ECF No. 32, at 2.)

## II.  Second Motion to Amend

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).  A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 616, 613 (4th Cir. 1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)).  For the reasons articulated below, permitting Mr. Wyche to amend § 2255 Motion would be futile.

In his Second Motion to Amend, Mr. Wyche seeks relief under in *Rehaif v. United States*, 588 U.S. 225 (2019).  Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.  A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years.  In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.[1]  588 U.S. at 232.  Thus, *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the United States must prove both that the defendant knew

---

[1] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm.  588 U.S. at 227.  At trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States'" at the time he possessed the firearm.  *Id.* at 228 (citation omitted).  The district court overruled the objection, and Rehaif was convicted.  *Id.*  The Court of Appeals affirmed the conviction.  *Id.* at 228.  The United States Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Id.* at 227.

he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 237 (emphasis added).[2]

Mr. Wyche suggests his Indictment was defective because it failed to charge that Mr. Wyche knew he belonged to a class of persons prohibited from possessing a firearm. (ECF No. 52, at 1.) To the extent that Mr. Wyche is trying to argue that his Indictment was defective because it failed to set forth all elements of the charge, this type of challenge is waived by his validly entered guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") Thus, any challenge to the Indictment is waived by Mr. Wyche's guilty plea.

In *Greer v. United States*, 593 U.S. 503 (2021), the United States Supreme Court considered whether "discrete defects in the criminal process–such as the omission of a single element from jury instructors or the omission of a required warning from a Rule 11 plea colloquy" constituted structural error under *Rehaif. Id.* at 513. In concluding that they do not, the Supreme Court held that "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Id.* at 514 (quoting

---

[2] In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' § 922(g)." 588 U.S. at 230. The Supreme Court set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 230–31.

Contrary to Mr. Wyche's suggestion, the United States was not required to prove that he knew the firearm had traveled in interstate commerce. (*See* ECF No. 53, at 2 ("The Government failed to prove that the Movant (Mr. Wyche) knew that the firearm had an interstate nexus.").) This jurisdictional element is satisfied by "proof that a firearm moved in interstate commerce at any time." *United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) (citation omitted).

*Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)); *see also United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), *rev'd by United States v. Medley*, No. 18–4789, 2021 WL 8362326, at *1 (4th Cir. Oct. 6, 2021) (en banc) (reversing panel opinion "that *Rehaif* errors affecting appellant's indictment . . . violated his substantial rights" and concluding, based upon *Greer*, that "appellant is not entitled to plain-error relief for his unpreserved *Rehaif* claim"). Thus, it is clear that any *Rehaif* error related to the Indictment or the plea colloquy is not "structural."

Rather, because Mr. Wyche could have raised, but failed to raise, his *Rehaif* claim on direct review, absent a showing of cause and prejudice or actual innocence, that claim is barred from review here. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). In this instance, the Court need not determine whether Mr. Wyche has shown cause for his default, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Mr. Wyche must show "a reasonable probability that, but for [the alleged *Rehaif*] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Greer*, 593 U.S. at 510–11. Mr. Wyche does not argue that, but for the alleged *Rehaif* errors, he would have pled not guilty and insisted on proceeding to trial. Rather, he questions the sufficiency of his plea colloquy. For this reason alone, Mr. Wyche has failed to meet his burden of establishing actual prejudice. *See Greer*, 509 U.S. at 509, 513–14.

Tellingly, nowhere in his submissions does Mr. Wyche allege that he was unaware of the fact that he was a felon. *Cf. id.* at 514 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a

felon."). To the contrary, ample evidence shows that Mr. Wyche knew of his felon status on November 30, 2015, the date in question.[3]

Prior to his appearance in this Court, Mr. Wyche was convicted, on multiple, separate occasions of a variety of felonies in the Virginia courts. (ECF No. 23, at 8–13.) Of particular importance here, in 2015, prior to committing the offense charged in Count Two of the Indictment, Mr. Wyche was charged in the Circuit Court for the City of Richmond with Possession of a Firearm by a Conviction Felon. (ECF No. 23 ¶ 39.) Mr. Wyche eventually pled guilty to the amended charge of Possession of Ammunition by a convicted felon, and, on September 18, 2015, he was sentenced to 5 years of imprisonment on that charge, with 3 years and 3 months suspended. (ECF No. 23 ¶ 39.)

---

[3] As the Court inferred in *Rehaif*, the United Sttates' duty to prove a defendant's knowledge of his status is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 588 U.S. at 234 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)). Indeed, "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew." *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2807 (2021). Here, the United States could easily prove that Mr. Wyche knew he was a felon.

Further in conjunction with his terms of state probation, on March 26, 2012, and again on March 26, 2014, Mr. Wyche signed a form that stated:

> TO:  Anyone convicted of a felony on probation, parole, and/or post release supervision.
>
> SUBJECT:  Possession of Firearms and/or Ammunition
>
> The provisions of the Gun Control Act of 1968, 18 U.S.C. 922 and 18 U.S.C. 1202 - Appendix, relate to any person who has been convicted of a crime, punishable by imprisonment, for a term exceeding one year, whether or not such sentence was imposed or served.  Under these provisions, no probationer or parolee may purchase, carry, own or possess firearms or ammunition.
>
> The above information is called to your attention so that you will not unknowingly or knowingly violate federal law.
>
> ————————————————————————
>
> I hereby acknowledge that the above was read by me, or to me. I thoroughly understand that I cannot purchase, carry, own or possess firearms or ammunition, unless I have received proper relief through the provisions of the Gun Control Act of 1968, 18 U.S.C. 925 (c) or 18 U.S.C. 12-3 (2).  I also understand that this relief cannot be obtained while I am under supervision.

(ECF No. 58-1; ECF No. 58-2.)

Based on the foregoing facts, Mr. Wyche clearly knew he was a felon at the time that the events giving rise to Count Two occurred. *Cf. United States v. Caldwell*, 7 F.4th 191, 213–14 (4th Cir. 2021) (affirming § 922(g) conviction post-*Rehaif* where defendant "had been convicted of multiple felonies," and "never disputed the validity of th[o]se felony convictions, and . . . stipulated at trial to having had such a conviction") (citing *Greer*, 593 U.S. at 508–11)). Mr. Wyche plainly knew that he was prohibited from possessing a firearm on the date in question.

Moreover, the record lacks any evidence suggesting that Mr. Wyche would not have pled guilty if he had been advised that the United States was required to prove that he knew he was a felon on the date in question. To the contrary, Mr. Wyche received significant benefits by

7

pleading guilty that he would not have otherwise received if he opted for trial, including the dismissal of Count One.[4]

Simply put, had Mr. Wyche proceeded to trial, he would have lost the benefits he obtained by pleading guilty, he would have faced a higher guidelines range, and he also would have faced a higher sentencing exposure. Thus, no reasonable defendant in Mr. Wyche's position would have insisted on proceeding to trial.[5] Therefore, Mr. Wyche cannot show any actual prejudice. This same information also dispels any suggestion that Mr. Wyche's actual innocence could excuse his default.[6] To the contrary, Mr. Wyche's guilt is quite clear from the record. Accordingly, Mr. Wyche's Second Motion to Amend, (ECF No. 52), will be denied as futile

### III.  Conclusion

Mr. Wyche's Motion to Continue, (ECF No. 60), will be denied. The United States Motion to Expand the Record, (ECF No. 58), will be granted. Mr. Wyche's Motion to Amend, (ECF No. 52), will be Denied. The action will be dismissed.

---

[4] Among other things, Mr. Wyche received a three-point reduction to his offense level for acceptance of responsibility by virtue of his decision to plead guilty. (ECF No. 23 ¶¶ 28, 29.)

[5] Mr. Wyche had no way of knowing what sentence the Court might impose at the time he made his decision to plead guilty, as the Court did not fashion its sentence until after hearing from the parties and considering all available evidence. Indeed, the PSR had not been completed at the time that Mr. Wyche pled guilty, thus, he could not even be sure what his guidelines range would be. What is clear, however, is the fact that the evidence against Mr. Wyche was overwhelming, and his criminal history was substantial.

[6] Actual innocence means "factual innocence, not mere legal insufficiency of [a] conviction." *Bousley*, 523 U.S. at 623–24 (citation omitted); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence"). Mr. Wyche only challenges the legal sufficiency of Count Two. He has failed to allege, much less demonstrate, his "actual factual innocence." *Mikalajunas*, 186 F.3d at 494.

8

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Mr. Wyche fails to satisfy this standard. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/

_____
M. Hannah Lauck
Chief United States District Judge

Date: 7/23/26
Richmond, Virginia

9